UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Crim. No. 8-195-P-H |
| | ) |
| JASON TRAVIS STEVENS, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDED DECISION**

Jason Stevens has filed a pro se motion for emergency hearing and immediate release. (Doc. No. 60.) According to the Bureau of Prisons' records that are electronically accessible, Stevens is currently housed at United States Penitentiary Hazelton and has a projected release date of March 29, 2010. The return address on the envelope containing Stevens's motion confirms this to be his present address. This court denied an earlier motion for jail credits (Doc. No. 54) which raised the same issues raised in these motions, although Stevens did not provide the details contained within the current motion. Stevens's current motion was filed on December 29, 2009, and the United States' response is not due until January 19, 2010. However, the matter has been referred to me for a recommended decision on the disposition of these motions, including a consideration of whether the United States should be ordered to respond to this motion. The motion has been docketed in this case, United States v. Stevens, Crim. No. 08-195-P-H, although Stevens references the prior history of an older case, United States v. Stevens, Crim. No. 00-86-B-S, a case handled in the Bangor courthouse. In order to understand Stevens's motion it is necessary to revisit the history of that older case, even though Stevens has completed service of that sentence and remains in custody only because he is currently still serving his sentence in this case. The core issue which Stevens wants this court to resolve is whether he was

in the Bureau of Prisons' custody from September 18, 2008, until February 25, 2009, detained pursuant to this case, or whether he was serving the remainder of his sentence in an unrelated case that involved imprisonment for a period of twenty-seven months, to be served consecutively to an even earlier 1999 sentence of imprisonment.  That Crim. No. 00-86-B-S sentence was imposed on August 10, 2001, and Stevens went into execution of the sentence some years thereafter.  See United States v. Stevens, Crim. No. 00-86-B-S.  I now recommend that this court deny Stevens's current motion without further hearing or response from the United States for the same reason it denied his first motion for jail credits on August 11, 2009.  See Crim. No. 08-195-P-H, Doc. No. 58.  The reason for my recommendation follows.

### Background of First Round of Motions

Stevens first attempted to bring this matter to the court's attention on October 7, 2008, when he filed a motion that contained only the following information:  "Request for emergency hearing for violation of constitutional rights.  Illegal detention." (Crim. No. 00-86-B-S, Doc. No. 46).  In response to an inquiry from the court, the United States filed a status report (Id., Doc. No. 47), explaining that Stevens had been scheduled to be released from prison on August 29, 2008, and had been transferred to Pharos House in Portland.  On August 18, 2008, Stevens failed to return to the halfway house following his work shift.  He was apprehended on September 18, 2008, and his release date was recalculated to be December 23, 2008.  According to the status report, Stevens was being held at the Cumberland County Jail until the Bureau of Prisons could redesignate him and determine whether he would be held at the Cumberland County Jail or returned to a Bureau of Prison facility until his adjusted release date. (Id.).  After reviewing the matter, the court (Singal, Chief Judge) denied the motion, informing Stevens that he was required to pursue administrative remedies.

The following day (October 15, 2008) Stevens filed a new motion for emergency relief, claiming that he was being illegally held at the Cumberland County Jail because his sentence had been lawfully completed on September 29, 2008, and no new charges had been lodged against him. (Id., Doc. No. 49.) At this point, recognizing that defendant was claiming that he was being unlawfully detained within the District of Maine, the court decided to refer the matter to me for further proceedings. I ordered the United States to file an expedited response, which they did on October 22, 2008. (Id., Doc. No. 53). According to that response Stevens was to be accorded a full disciplinary hearing scheduled for October 24, 2008, regarding the sanctions imposed, which included the substantial loss of good-time apparently resulting in the projected December release date. The crux of Stevens's dispute, as I understood it at that point, was that he felt that since he had been at large for only approximately 27 days, his release should only have been extended by that amount of time, resulting in his entitlement to release on September 29, 2009.

The day after the United States filed its status report, Stevens filed a notice that he was withdrawing his motion, basically accepting the recalculation of his release date to December 23, 2008. (Id., Doc. No. 54). The following day, Stevens filed a "motion for emergency intervention by the court and order for release." (Id., Doc. No. 56). It seems that Stevens just had learned that the Bureau of Prisons was scheduled to hold a second disciplinary hearing on October 24, 2008, and he felt that he was being placed in "double jeopardy" because a hearing had been held in absentia during his escape and he had accepted the results of that hearing regarding the December 23, 2008, release date. (Id., Doc. No. 56). At this point I admit I was mystified as to how to proceed with the referral, especially when less than a week later the clerk received a change of address notification indicating that Stevens was no longer at the

Cumberland County Jail, but had been transferred to Stafford County Jail in New Hampshire. (Id., Doc. No. 57). Apparently the United States, at least the Assistant United States Attorney handling *that* case, Crim. No. 00-86-B-S, was equally mystified because she filed a motion requesting a "conference of counsel" and a stay of all further responses until the mail had an opportunity to catch up with Stevens. The docket reflects that I granted the United States' request, in essence, although I negotiated some communications between Stevens and the Assistant United States Attorney in order for Stevens to obtain copies of certain documentation, rather than hold an actual conference. On November 19, 2008, Stevens filed a withdrawal notice, indicating his emergency motion was withdrawn and that he was just awaiting a few more documents from the United States. (Id., Doc. No. 66). Then, on December 1, 2008, Stevens filed a request that the court issue a "final decision." (Id., Doc. No. 68). The crux of the problem now seemed to be that the scheduled October 24, 2008, hearing had never taken place due to Stevens's abrupt transfer to New Hampshire and Stevens believed that the failure to hold this hearing was a denial of his constitutional rights to due process.

      What neither the Assistant United States Attorney nor Jason Stevens ever told me was that he had been charged with escape in Crim. No. 08-195-P-H when an indictment was returned against him on October 22, 2008. He appeared in court in Portland with counsel before a different judge on November 5, 2008, and an order of detention was entered on that date. I only learned of the existence of this matter after I received Stevens's December 1, 2008, request for "final decision." (Crim. No. 00-86-B-S, Doc. No. 68.) No matter what issues remained pending surrounding jail credit for time served, the issue of Stevens's immediate release had certainly been moot since November 5, 2008. Whether his custody since November 5, 2008, was the result of Magistrate Judge Rich's detention order in Crim. No. 08-195-P-H or the original sentence in the Bangor case, Stevens was not being detained illegally nor was he being held in the District of Maine. I terminated the

4

motions and I was affirmed on appeal to the District Court Judge.  (Id., Doc. No. 71.)  I heard nothing further from Stevens until this motion was referred to me.

### Discussion of the Current Motion

On May 28, 2009**,** Stevens was sentenced to fifteen months imprisonment.  (Judgment, Crim. No. 08-195-P-H, Doc. No. 52.)  On July 9, 2008, Stevens filed his first "motion for order of jail credits," (Id., Doc. No. 54), alleging that he had been detained since September 18, 2008, on this case and was entitled to credit from that time to be applied against this case.  According to Stevens the Bureau of Prisons was not giving him time-served credit from the date he was arrested (which he now claims, apparently, is the date his old sentence expired) until February 25, 2009.  The United States explained in response to that motion that Stevens's original sentence did not expire until February 24, 2009, and that, therefore, his jail credit on this case did not begin to run until February 25, 2009.  No explanation was offered as to why the earlier release date of December 23, 2008, which had been the subject matter of the earlier dispute, was no longer in play.  (Id., Doc. No. 56.)

On August 11, 2009, this court entered a text endorsement denying the motion and noting that it did not have jurisdiction to make a determination as to whether the Bureau of Prisons' calculation was correct or incorrect, citing United States v. Wilson, 503 U.S. 329 (1992).  (See id., Doc. No. 58.)  The court further advised Stevens that he had to exhaust administrative remedies and, once he had done so, the proper remedy would be a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241.

On December 29, 2009, Stevens filed the motion which is the subject of this recommended decision.  It now appears that Stevens is alleging that the United States held a second in absentia hearing on October 24, 2008, because Stevens was no longer in Portland, Maine, having been transferred to the New Hampshire facility.  As he points out in his motion, there was no reason to hold an in absentia hearing because the Bureau of Prisons knew full well where he was housed.

Then, when Stevens complained about this apparent administrative oversight, a hearing officer traveled from Devens, Massachusetts to conduct the hearing in person. According to Stevens, the hearing officer told him he should have "let a 'sleeping dog' lie" (Id., Doc. No. 59) and not have tried to pursue administrative remedies so vigorously. Also according to Stevens, in retaliation for insisting upon his rights, the administrative hearing officer affirmed the February 2009 release date and delayed issuing his opinion until after the sentence had expired, making it so that Stevens could not mount an administrative appeal. (Id.) A cursory review of the United States Party/Case Index does not indicate that Stevens initiated any civil actions in any other court between February 2009 and today's date.

This Court's dicta in its August 11, 2009, text endorsement advising Stevens that once administrative remedies were exhausted his proper remedy is a habeas petition under 28 U.S.C. § 2241 was good advice then and remains the law now. The First Circuit has succinctly delineated the limits of this court's jurisdiction in regard to plaints of this nature from prisoners originally sentenced by this court:

> Federal prisoners are permitted to use § 2241 to attack the execution, rather than the validity, of their sentences, and the "inadequate or ineffective" savings clause is not applicable to such attacks since they are outside the bounds of § 2255. See United States v. DiRusso, 535 F.2d 673, 674-76 (1st Cir.1976) ("Section 2255 ... does not grant jurisdiction over a post-conviction claim attacking the execution, rather than the imposition or illegality of the sentence.... The proper vehicle for attacking the execution of sentence ... is 28 U.S.C. § 2241."); see also, e.g., Corrao [v. United States], 152 F.3d [188,] 191 [2d Cir. 1998)]; Valona [v. United States], 138 F.3d [693,] 694-95 [(7th Cir. 1998)].

United States v. Barrett, 178 F.3d 34, at 50 n.10 (1st Cir. 1999).

The sentencing court only has jurisdiction over post-conviction petitions filed pursuant to 28 U.S.C. § 2255. Post-conviction petitions challenging conditions of confinement, including the manner of execution of sentence, and brought pursuant to 28 U.S.C. § 2241, are not within the jurisdiction of the sentencing court, unless the petitioner happens to be held within that

6

district.  Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977) ( "Section 2241 provides a remedy for a federal prisoner who contests the conditions of his confinement; that motion must ordinarily be filed and heard by the district court in whose jurisdiction the petitioner is confined.")

While I concede that Stevens's allegations regarding the administrative process, if true, are disturbing, this court simply does not have jurisdiction to entertain this petition.  The reason for the jurisdictional rule is obvious in this case.  The necessary documentation and witnesses are within the custody and control of the prison officials at the facility where Stevens is incarcerated.  This court can provide him with no answer as to why he was told that his original sentence would expire on December 23, 2008, and then the term was lengthened to February 24, 2009.  However, Stevens apparently knew all these facts when he was sentenced by this court on May 28, 2009.  Furthermore, apparently everyone knew that the escape sentence in this case would not begin to run until the prior sentence had expired.  For all I know, that fact might have been discussed at the time of sentencing and considered by the court when it imposed the fifteen-month sentence in this case.

This is framed as an emergency motion and I do not see how awaiting the United States' response to this motion would assist in the speedy resolution of this matter.  The United States cannot provide this court with jurisdiction pursuant to 28 U.S.C. § 2241, even if it could explain what happened in this case.  If Stevens wants to obtain any relief before the January 24, 2010, date he projects as a potential release date (Addition to Mot. at 3, Crim. No. 080195-P-H, Doc. No. 59) he would have to move very quickly indeed to file a 28 U.S.C. § 2241 petition in the appropriate venue.   Stevens has known of the existence of the issue for many months, including the period from February 2009 until he was sentenced on May 28, 2009.  Asking any court to

resolve this long simmering dispute between Stevens and the Bureau of Prisons within the next twenty-four days presents a considerable challenge, especially when Stevens's pleadings portray a moving target regarding what he actually thinks should be his "true" release date.

## Conclusion

Based upon the foregoing, I recommend the court deny the motion for an emergency hearing.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

January 8, 2010.